## Commonwealth *vs.* Stephen Castles.

An indictment, either at common law, or under the Rev. Sts. *c.* 127, § 2, for uttering as true a forged indorsement of a promissory note, which sets forth the note and indorsement according to their tenor, need not describe the instrument as a promissory note "for the payment of money."

Indictment, averring that the defendant on the 15th of November 1852 at Lowell "had in his custody and possession a certain promissory note signed by the said Stephen Castles and payable to John Walsh or order, and then and there purporting to have been indorsed by the said John Walsh on the back thereof, which said promissory note is of the tenor following, that is to say,

"'Lowell, Nov. 15th 1852. $2000. Value received, I promise to pay John Walsh or order two thousand dollars in one year. Stephen Castles.'

"And the said indorsement on the back of said promissory note was then and there of the tenor following, that is to say, 'Waiving demand and notice. John Walsh.' And the said indorsement of the name of said John Walsh was then and there false, forged and counterfeit; and the said Stephen Castles did then and there utter and publish as true said promissory note with the indorsement aforesaid thereon, and did then and

there utter and publish as true the said indorsement so on the back of said note as aforesaid, he the said Stephen Castles then and there well knowing said indorsement of the name of said John Walsh to be false, forged and counterfeit, with intent then and there to defraud."

The defendant, after conviction in the court of common pleas, moved in arrest of judgment, because the promissory note the indorsement on which was alleged to have been forged was not described as " a promissory note for the payment of money ; " and, the motion being overruled, alleged exceptions.

*T. H. Sweetser*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BIGELOW, J. It is not necessary that the indictment should in terms aver that the forgery charged was of the " indorsement of a promissory note for the payment of money." These, it is true, are the words of the statute. Rev. Sts. *c.* 127, § 2. But it is not essential that they should be used in the indictment. It is sufficient if it appears on the face of the indictment by proper averments that the instrument forged is of the particular kind prohibited by statute. Or if it can be collected from the forged writing itself, as set out in the indictment, that it assumes to be an instrument the false making of which is forgery. 1 Stark. Crim. Pl. (2d ed.) 104, 105. 2 Stark. Crim. Pl. 513. 1 Chit. Crim. Law, 234. Archb. Crim. Pl. (10th ed.) 355. In the present case, the note on which the indorsement is alleged to have been forged is set out according to its tenor ; by which it clearly appears that it was in fact a promissory note for the payment of money. The indictment conforms to the well established precedents.

But if this were not so, it would not follow that the indictment was bad. If it did not sufficiently aver a forgery of an instrument within the statute, it might nevertheless be good as charging the offence of forgery at common law. *Commonwealth v. Ayer*, 3 Cush. 150. *Commonwealth* v. *Ray*, 3 Gray, 441.

*Exceptions overruled.*